IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

MSP RECOVERY CLAIMS, SERIES LLC,
a Delaware entity,

   Plaintiff,

vs.

FOREMOST COUNTY MUTUAL
INSURANCE COMPANY, a foreign
profit corporation,

   Defendant.
_____/

On Removal from the Circuit Court
of the Eleventh Judicial Circuit in
and for Miami-Dade County, Florida
Case No. 17-019530-CA-01

## DEFENDANT FOREMOST COUNTY MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL

  Defendant Foremost County Mutual Insurance Company ("Defendant") removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Removal is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a), as the Complaint in this action filed by Plaintiff MSP Recovery Claims, Series LLC ("Plaintiff") consists of a single cause of action asserting the violation of a federal statute, the Medicare Secondary Payer Act, codified at 42 U.S.C. § 1395y(b)(3)(A). Thus, by its very essence, Plaintiff's sole claim seeks relief afforded by a federal statute and is a federal question.

### PROCEDURAL COMPLIANCE

  This notice is timely pursuant to 28 U.S.C. § 1446(b). Plaintiff filed its Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on August 10, 2017. Defendant was served with a summons and the accompanying Complaint on October

43188351;1

6, 2017 and removed this action within 30 days thereof.  *See* 28 U.S.C. § 1446(b) (requiring that the removal notice be filed "within 30 days after receipt by defendant through service or otherwise, of a copy of the initial pleading"); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 356 (1999) (holding 30-day time period does not accrue until a party is served).

Defendant complied with 28 U.S.C. § 1446(a) by virtue of its timely removal, and by submitting with this notice copies of the process, pleadings, and orders from the state court file.  *See* **COMPOSITE EXHIBIT A** hereto.  Defendant is also serving Plaintiff with, and filing with the Clerk of the Circuit Court in and for Miami-Dade County, Florida, a *Notice of Filing of Notice of Removal,* as required by 28 U.S.C. § 1446(d).  *See* **EXHIBIT B** hereto (notice without exhibits).

Finally, because (1) the state court action was pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, which sits within the Southern District of Florida, and (2) the Complaint alleges the cause of action accrued in Miami-Dade County, (*see* Complaint ¶ 7), removal to this Court is proper pursuant to 28 U.S.C. § 1446(a) because it is "the district court of the United States for the district and division within which [the] action is pending."

By this removal, Defendant does not intend to waive any of its rights or defenses, including, but not limited to, the argument that this action should be stayed or dismissed.

### GROUNDS FOR REMOVAL

This is an action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because it is a civil action arising under the laws of the United States.  *See Liebman v. Deutsche Bank Nat'l Trust Co.*, 462 F. App'x 876, 878 (11th Cir. 2012) ("A claim premised on federal-question jurisdiction is removable without regard to the citizenship or residence of the parties.").  Federal question jurisdiction over this dispute exists because the Complaint alleges a

single cause of action and seeks relief pursuant to, 42 U.S.C. § 1395y(b)(3)(A), the Medicare Secondary Payer Act, which is a federal law.[1]

## CONCLUSION

Removal is proper because the Complaint falls within this Court's jurisdiction under 28 U.S.C. § 1331 and 1441(a). Defendant has met all procedural requirements for removal, and this notice is timely filed. Accordingly, Defendant respectfully requests that this Court take jurisdiction and conduct all further proceedings in this case.

Date: November 1, 2017

Respectfully submitted,

*Counsel for Defendant*
**AKERMAN LLP**
Three Brickell City Centre
98 Southeast 7th Avenue, Suite 1100
Miami, FL 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

  /s/ Jonathan D. Lamet
**Valerie Greenberg**, Fla. Bar. No. 026514
Primary E-mail: valerie.greenberg@akerman.com
Secondary E-mail: debra.atkinson@akerman.com
**Stacy J. Rodriguez**, Fla. Bar No. 44109
Primary E-mail: stacy.rodriguez@akerman.com
Secondary E-mail: jeanette.martinez@akerman.com
**Jonathan D. Lamet**, Fla. Bar No. 106059
Primary E-Mail: jonathan.lamet@akerman.com
Secondary E-Mail: dorothy.matheis@akerman.com

---

[1] In addition to the indisputable fact that the sole count asserts a violation of a federal statute, the entire Complaint is rooted in and based on the statutory scheme set forth in the federal Medicare Secondary Payer Act, which governs the substantive rights of the parties. The Complaint alleges that (i) Defendant was a "primary payer" under 42 U.S.C. § 1395y (Complaint, ¶¶ 3, 44-46, 53-54), (ii) Defendant failed to reimburse Plaintiff for certain amounts it paid as "conditional Medicare benefits" on behalf of certain unnamed Medicare beneficiaries (Complaint, ¶¶ 3-4, 44), and (iii) as a result, 42 U.S.C. § 1395y(b)(3)(A) and related federal statutes and regulations provide Plaintiff with a cause of action (Complaint, ¶¶ 5, 50-61). Plaintiff's purported right to relief necessarily depends on the resolution of substantial questions of federal law, and there can be no dispute that this action belongs in this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be served on November 1, 2017 on all counsel of record listed on the Service List below.

/s/ Jonathan D. Lamet
Attorney

**SERVICE LIST**

John H. Ruiz, Esq.
Frank C. Quesada, Esq.
**MSP Recovery Law Firm**
5000 S.W. 75th Avenue, Suite 400
Miami, Florida  33155
Telephone:  305-614-2239
Service E-mail:  serve@msprecovery.com
*Counsel for Plaintiff*